IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VENKY VENKATRAMAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2821-K-BW |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Bank of America, N.A.'s ("BOA") Motion to
Dismiss filed on May 19, 2025 (Dkt. No. 19) and its brief in support (Dkt. No. 20
("D. Br.")).  Plaintiff Venky Venkatraman, proceeding pro se, filed a response in
opposition on June 9, 2025.  (Dkt. No. 22.)  BOA filed its reply on June 20, 2025.
(Dkt. No. 23.)  This case has been referred to the undersigned magistrate judge for
pretrial management by Special Order 3-251.  (*See* Dkt. No. 3.)

The undersigned magistrate judge recommends that BOA's motion to dismiss
(Dkt. No. 19)  be **GRANTED** and Venkatraman's claims be **DISMISSED** with
prejudice.

## I.  BACKGROUND

In Venkatraman's amended complaint filed on May 4, 2025, (Dkt. No. 17), he
alleges that he "has been a customer of BoA for nearly 25 years" and that, between
January 4 and January 20, 2023, he "was scammed into depositing money orders

and cashier's checks" that he purchased at other banks into accounts at a BOA location in Coppell, Texas. (Dkt. No. 17 ("Am. Compl.") at ¶¶ 1-2.) Venkatraman further alleges that, upon realizing that he had been "scammed" by unidentified others, he filed a complaint with Coppell Police Department, which informed him that the money he deposited was transferred overseas. (*Id.* ¶ 3.) Venkatraman filed claims with the other banks from which he purchased the cashier's checks and money orders, and BOA returned $24,000 to him based on those claims. (*Id.* ¶¶ 4-7.) Venkatraman spoke with a BOA employee in May 2024 in an attempt to recover the remaining amount, and he was directed to make a claim with BOA. (*Id.* ¶¶ 8-10.) He did so, and in June 2024, BOA returned an additional $2,185. (*Id.* ¶ 11.) Venkatraman submitted another claim for the remaining $68,000 he lost to the scammers, but BOA subsequently declined that claim. (*Id.* ¶¶ 12-13.)

Venkatraman filed this lawsuit in state court on October 3, 2024. (Dkt. No. 1-1 at ECF p. 3.) BOA removed the action on November 8, 2024. (Dkt. No. 1.) Later that month, BOA filed a motion to dismiss the complaint (Dkt. No. 4), and Venkatraman moved to remand the case (Dkt. No. 6). Once the motions were fully briefed, the undersigned recommended denying Venkatraman's motion to remand and granting BOA's motion to dismiss. (Dkt. No. 16.) The undersigned concluded that Venkatraman's original complaint did not state claims for negligence and fraud but recommended that he be given an opportunity to file an amended complaint. (*Id.* at 11-13.) On May 7, 2025, United States District Judge Ed Kinkeade accepted the

undersigned's findings, conclusions, and recommendation, denied Venkatraman's motion to remand, granted BOA's motion to dismiss, and allowed Venkatraman to file an amended complaint. (Dkt. No. 18.)

Venkatraman had already filed an amended complaint on May 4, 2025. (*See* Dkt. No. 17 ("Am. Compl.").) On May 19, 2025, BOA filed a motion to dismiss the amended complaint. (Dkt. No. 19.) That motion is now ripe for decision.

## II.  LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). Such a motion therefore is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (cleaned up); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) (unpublished) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* A court does not "strain to find inferences favorable to the plaintiff," nor does it "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Fener v. Belo Corp.*, 513 F. Supp. 2d 733, 738 (N.D. Tex. 2007). "[T]o survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they

contend entitle them to relief.  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

A plaintiff who asserts a cause of action for fraud must satisfy a heightened pleading standard.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud[.]").  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-CV-0327-D, 2021 WL 3492339, at *3 (N.D. Tex. Aug. 9, 2021) (internal quotation marks omitted).  "More colloquially, plaintiffs must plead the 'who, what, when, where, and how' of the fraud."  *Id.*

"Pro se complaints receive a 'liberal construction.'  Even so, 'mere conclusory allegations on a critical issue are insufficient.'"  *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).  And "liberal construction does not require that the Court . . . create causes of action where there are none."  *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in

deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019).  And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'"  *Rogers v. City of Yoakum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (internal citations and quotations omitted).

## III.  ANALYSIS

In his amended complaint, Venkatraman titles five causes of action he asserts against BOA: (1) "Negligence," (2) "Negligent Enablement of Fraud," (3) "Breach of Contract and Breach of Duty," (4) "Violation of Federal and State Banking Laws," and (5) "Violation of Consumer Protection Laws."  (Am. Compl. ¶¶ 23-40.)  In its motion to dismiss, BOA argues that (1) all Venkatraman's claims fail because he cannot show any concrete injury that is traceable to BOA; (2) his negligence claims fail because BOA did not owe him a duty of care; (3) his claim for "negligent enablement of fraud" fails under the heightened pleading rules of Fed. R. Civ. P. 9(b); (4) the claim for breach of contract fails because Venkatraman has not identified any contractual provision that BOA breached; (5) any claim for breach of fiduciary duty fails due to the absence of any fiduciary duty; (6) claims under general federal and state banking laws fail for lack of specificity and because the statutes do not create a private right of action; and (7) any claim under the Texas Deceptive Trade

-6-

Practices Act ("DTPA") fails because Venkatraman does not qualify as a "consumer" under that action and he fails to show any statutory violation by BOA. (D. Br. at 2-3.)

In the Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending dismissal of Venkatraman's original complaint, the undersigned noted that Plaintiff "does not plead facts establishing that BOA owed [him] a duty that it breached" and "allege[d] no facts suggesting that the scammers were in any way affiliated with or coordinating with BOA," but recommended providing Venkatraman an opportunity to replead despite the undersigned's skepticism that he could "allege plausible claims against BOA in view of the facts as he ha[d] presented him[.]" (Dkt. No. 16 at 11, 14.) Rather than supplement the factual averments in the original complaint, however, Venkatraman's amended complaint is much more focused on adding more claims. Indeed, the facts alleged in the amened complaint are practically identical to those in the original with one additional unspecific allegation: "Plaintiff has been a customer of BoA for nearly 25 years." (Am. Compl. ¶ 1.) As explained below, this additional factual allegation does not raise his claims to a level of plausibility that survives scrutiny under Fed. R. Civ. P. 12(b)(6).

A.    **Venkatraman fails to establish that BOA owed him a duty of care in connection with the subject transactions.**

To maintain a claim of negligence, a plaintiff must allege "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (internal quotation marks omitted).  In resolving the motion to dismiss the original complaint, the undersigned observed that Venkatraman failed to allege a plausible negligence claim against BOA because, under Texas law, "banks do not owe duties to non-customers[.]"  (Dkt. No. 16 at 13 (quoting *Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 17716383, at *2 (5th Cir. Dec. 14, 2022) (unpublished) (citing cases)).)  Because Venkatraman failed to allege any facts showing that it owed any duty to Venkatraman in opening or maintaining the accounts later used to defraud Venkatraman, he failed to allege a plausible negligence claim against BOA.  (*Id.*)

As noted above, the only factual averment that is different in the amended complaint is Venkatraman's allegation that he has been a "customer" of BOA for almost 25 years.  (Am. Compl. ¶ 1.)  This additional factual allegation, considered alongside the other facts, does not plead a negligence claim with enough specificity "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. First, Venkatraman's description of himself as a "customer" does not explain the nature of his relationship with BOA in a manner to substantiate the existence of a

duty owed to him. *See Siegfried v. JPMorgan Chase, N.A.*, No. 1:18-CV-1026-LY-ML, 2019 WL 13194134, at *5 (W.D. Tex. Oct. 25, 2019) (rejecting in similar circumstances a conclusory allegation that plaintiff was a "customer" of defendant bank). It is possible that Venkatraman is a personal accountholder at BOA, but that is not clearly stated. It is also possible that he describes himself as a customer based on things such as occasional purchases of cashier's checks or money orders from BOA or interacting with a BOA account in some professional capacity. As the plaintiff, it is Venkatraman's duty to allege the specific facts that establish a duty owed to him by BOA, and simply saying he is a "customer" of BOA is insufficient to do so. *See Fener*, 513 F. Supp. 2d at 738 (observing that court does not accept conclusory allegations).

Moreover, even accepting that Venkatraman has been a "customer" of BOA, the amended complaint still fails to establish how BOA breached any duty owed to him as someone who deposited funds into accounts at BOA. Venkatraman contends that BOA was negligent by allowing unauthorized individuals to open accounts and conduct fraud. (Am. Compl. ¶ 25.) But courts reject the argument that banks owe duties to third parties in opening bank accounts, *see, e.g.*, *Owens v. Comerica Bank*, 229 S.W.3d 544, 546 (Tex. App.—Dallas 2007, no pet.), and Venkatraman has not demonstrated that this analysis changes merely because he might own a BOA account unrelated to the transactions at issue or occasionally purchases money orders from BOA.

Venkatraman's response to the motion relies heavily on facts that occurred after he deposited funds into the scammers' BOA accounts. He suggests that the later discovery that the accounts were being used for fraud or BOA's instructions to file a claim are proof that BOA should have foreseen the fraud. (Resp. at 2-3.) But these post-discovery events do not establish that BOA was negligent in opening the accounts or accepting Venkatraman's deposits, and the fact that fraud occurred does not by itself establish foreseeability. As has been explained by a Texas appellate court, "[i]t is, of course, possible that any bank account may be used for a wrongful purpose." *Owens*, 229 S.W.3d at 547. No facts alleged in the amended complaint plausibly establish that BOA should have anticipated when it opened and maintained the subject accounts that Venkatraman or anyone else would be injured.

Venkatraman's claim for "negligent enablement of fraud" is implausible for the same reason. Additionally, the undersigned finds no support for the existence of such a claim under Texas common law or statute.[1]

---

[1] BOA also perceives that Venkatraman's amended complaint seeks to establish a duty owed to him by virtue of certain provisions of the Texas Business and Commerce Code and explains why such an argument fails. (*See* D. Br. at 10-11; Am. Compl. ¶¶ 18-21.) Venkatraman does not address BOA's argument, and the undersigned therefore considers Venkatraman to have abandoned any contention that his negligence claims are based on a duty owed to him established under Texas statutes. Even if Venkatraman had not abandoned the arguments, they are unmeritorious for the reasons explained by BOA. (*See* D. Br. at 10-11.)

**B.    Venkatraman does not sufficiently plead circumstances establishing fraud.**

Venkatraman's claim for negligent enablement of fraud fails for the additional

reason that he does not satisfy the heightened pleading standards for fraud.  A

plaintiff alleging fraud must allege that (1) the defendant made a representation to the

plaintiff; (2) the representation was material; (3) the representation was false; (4) the

defendant made the representation either knowing that it was false or recklessly

without knowledge of its truth; (5) the defendant made the representation with intent

that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the

representation caused the plaintiff injury.  *Granting Hands LLC v. RAD Exotics LLC*,

No. 3:23-CV-02408-L, 2025 WL 963374, at *11 (N.D. Tex. Mar. 31, 2025).  In

assessing Venkatraman's fraud claim in the original complaint, the undersigned

concluded that his allegations were conclusory and lacked basic elements of a fraud

claim such as an allegation that BOA made a material misrepresentation, that the

bank knew of its falsity or acted recklessly, or that Venkatraman acted on that

misrepresentation.  (Dkt. No. 16 at 12.)  The original complaint also failed to give

the precise allegations about fraud required by Fed. R. Civ. P. 9(b).  (*Id.*)

As observed above, the amended complaint does not provide any greater

specificity or plausibility, and it is subject to dismissal for the same reasons

previously given.  Arguing against that conclusion, Venkatraman contends that the

complaint "sufficiently outlined the fraudulent scheme, including the dates of the

deposits, the involvement of [BOA] employees, and [BOA]'s failure to properly

-11-

investigate and rectify the situation." (Resp. at 3.)  To maintain fraud claims against BOA, it is insufficient for Venkatraman to simply "outline" a fraudulent scheme perpetrated by third parties.  As previously explained, he must specifically allege, among other things, that BOA made a material misrepresentation to him and that he relied on that misrepresentation to his detriment.  (*See* Dkt. No. 16 at 12.)  And to the extent Venkatraman might be attempting to establish that BOA is liable for fraud committed by others, he does not even establish the third party's fraud.  He does not state precisely what misrepresentation was made, by whom, or when.

## C.    Venkatraman does not allege a claim for breach of contract.

The amended complaint adds a claim for breach of contract.  (Am. Compl. ¶¶ 30-33.)  Venkatraman alleges that he and BOA "were in a contractual relationship by virtue of Plaintiff's longstanding banking relationship and account agreements." (*Id.* ¶ 31.)  He avers that BOA breached its contractual duties by failing to protect his accounts, funds, and personal information, and by failing to comply with its internal fraud prevention policies.  (*Id.* ¶ 32.)

"The elements of a breach of contract action under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Hunter v. Navy Fed. Credit Union*, 749 F. Supp. 3d 743, 748 (N.D. Tex. 2024) (internal quotation marks omitted).  Venkatraman

-12-

does not allege facts that enable the undersigned to draw a reasonable inference that BOA breached any contractual duty that it owed to him.

Venkatraman does not identify any valid contract to which he and BOA are parties. Rather than support his claim with well-pleaded facts, Venkatraman states only that he was in a "contractual relationship" with BOA. Likewise, rather than specify any contractual provision creating a duty by BOA, he alleges in conclusory fashion that BOA breached its contractual duties by failing to protect his accounts, funds, and personal information. (Am. Compl. ¶ 32.) He argues that this is sufficient to establish a breach-of-contract claim because BOA violated "deposit account agreements and policies governing fraud prevention." (Resp. at 4.) At this dismissal stage, however, the Court does not accept Venkatraman's conclusory assertion that there are provisions within a depository agreement entered into between him and BOA that obligated BOA to do something (or not do something) that it breached by accepting his deposits into third-parties' accounts. It is the plaintiff's obligation to allege specific facts—such as a particular provision of a depository agreement—that can support a plausible inference that BOA breached a contractual duty. Venkatraman's amended complaint falls far short of that requirement.[2] And even assuming, as Venkatraman contends, a breach-of-contract

---

[2] Venkatraman's cited authority does not help him. He cites *Dylon v. Bank of Am., N.A.*, No. 3:17-CV-134-M-BN, 2017 WL 2266938 (N.D. Tex. Apr. 28, 2017), *accepted*, 2017 WL 2255195 (N.D. Tex. May 23, 2017), for the proposition that court's recognize banks'

could be predicated upon BOA's failure to follow its fraud-prevention policies, he would at least have to point the Court to a particular policy BOA allegedly violated. The amended complaint, however, is devoid of any specific facts from which the undersigned might infer that BOA breached any contractual duty to Plaintiff.

**D.    Venkatraman does not establish a fiduciary relationship with BOA.**

Embedded within Venkatraman's contract claim is a conclusory allegation that BOA "breached its . . . fiduciary duties" to him. (Am. Compl. ¶ 32.)  BOA moves for dismissal of any claim for breach of fiduciary duties on the basis that, under Texas law, a banking relationship does not establish a fiduciary duty between customer and bank. (D. Br. at 14.)  Indeed, Texas law does not recognize the existence of fiduciary duties based merely on a banking relationship. *See Wesco v. Cap. One Auto Fin.*, No. 3:24-CV-2276-D-BW, 2024 WL 5358445, at *1 (N.D. Tex. Dec. 9, 2024) ("Texas law does not generally recognize that a bank owes fiduciary duties to its customers." (citing *Berry v. First Nat'l Bank of Olney*, 894 S.W2d 558, 560 (Tex. App.—Fort Worth 1995, no pet.))), *accepted*, 2025 WL 295737 (N.D. Tex. Jan. 23, 2025); *Velasquez-Campuzano v. Marfa Nat. Bank*, 896 F. Supp. 1415, 1426 (W.D. Tex. 1995) ("In Texas, the relationship between a bank and its customers is generally not fiduciary in nature.").  Even accepting Venkatraman's allegation that he has been

---

liability for failing to adhere to their fraud-monitoring policies. (Resp. at 4.)  The case, however, does not stand for that proposition.  He also cites *Jones v. Wells Fargo Bank*, 2015 WL 12779992 (N.D. Tex. 2015), but that case does not exist as cited, and the undersigned has been unable to find any relevant case by similar name in this circuit in 2015.

a "customer" of BOA for years, such an allegation would be insufficient to establish fiduciary duties owed to him.

Venkatraman attempts to withstand dismissal of this claim by relying on *Gonzalez v. Bank of Am., N.A.*, No. 7:17-CV-469, 2018 WL 7253956 (S.D. Tex. Dec. 27, 2018). He looks to that case to support a belief that a fiduciary duty can be found "when banks exercise influence over a customer's financial decisions[.]" (Resp. at 4.) *Gonzalez* does not support him in that belief, but even accepting that such a principle exists, it would not help Venkatraman. The amended complaint alleges that he was a customer of BOA who deposited money orders or cashier's checks into a third party's account at BOA. No reasonable reading of the allegations suggest that BOA exercised a degree of influence over Venkatraman's financial decisions that might be sufficient to create fiduciary duties owed to him by BOA. If Venkatraman is arguing that BOA became a fiduciary when it instructed him to file a claim, that argument would fail. Merely advising a third party to follow a bank procedure for filing a claim does not manifest influence or control over that party's financial decisions.

## E.    Venkatraman disavows any claim for violating banking laws.

Under the "Causes of Action" section in the amended complaint, Venkatraman lists "Violation of Federal and State Banking Laws" as "Count Four." In that section, he avers that BOA had "obligations under federal and state banking laws, including the Bank Secrecy Act and USA PATRIOT Act, to monitor for,

detect, and prevent suspicious or fraudulent activity." (Am. Compl. ¶ 35.)  He
alleges that BOA violated these obligations when it failed to prevent the scammers
from opening "fraudulent accounts" and engaging in the transactions that led to his
losses. (*Id.* ¶ 36.)

BOA seeks dismissal of any claims brought under the federal or state banking
laws.  It argues that Venkatraman has not cited any specific provision allegedly
violated by BOA and, in any event, the Bank Secrecy Act and Patriot Act do not
create a private cause of action for Venkatraman.  (D. Br. at 16-17.)  In response,
Venkatraman states that he does not make a claim premised directly on rights
created by the banking statutes but instead points to them as establishing industry
standards and duties to support his negligence claim.  (Resp. at 5.)

Venkatraman has abandoned his apparent claim—"Count Four"—in the
amended complaint, and it should be dismissed for that reason.  Indeed, he cannot
make a claim for monetary relief under the Bank Secrecy Act or Patriot Act.  *See
Killion v. Truist Bank*, No. 5:24-CV-194-H, 2025 WL 15311580, at *5 (N.D. Tex. May
29, 2025) (holding Bank Secrecy Act creates no private cause of action); *Hopson v.
Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 793 n.9 (S.D. Miss. 2014) ("[T]here is no
private right of action under the USA Patriot Act." (citing *Ray v. First Nat. Bank of
Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011))).

To the extent Venkatraman relies on these federal statutes or unnamed state
banking regulations to establish a standard of care supporting a negligence claim

against BOA, the undersigned has explained above why, under Texas law,

Venkatraman's amended complaint fails to establish a duty or breach of that duty by

BOA.  His general mention of banking laws and regulations does not alter that

analysis.

**F.      Venkatraman cannot maintain a claim under the Texas Deceptive Trade Practices Act.**

In his final claim asserted in the amended complaint, Venkatraman alleges

that BOA's "acts and omissions constitute unfair or deceptive acts or practices under

Texas Deceptive Trade Practices Act or Tex. Bus. & Com. Code § 1741."  (Am.

Compl. ¶ 39.)  BOA contends that Venkatraman's pleading fails because it does not

allege a DTPA claim with sufficient particularity and because he is not a "consumer"

who is able to sue under the statute.  (D. Br. at 17-19.)  Venkatraman does not

directly address BOA's argument about insufficient particularity, but he asserts that

he may sue the bank under the DTPA because he "engaged in transactions with

[BOA], sought its fraud prevention services, and relied on its representations[.]"

(Resp. at 5.)

"The elements of a DTPA claim are: (1) the plaintiff was a consumer; (2) the

defendant either engaged in false, misleading or deceptive acts (i.e., violated a

specific laundry-list provision of the DTPA) or engaged in an unconscionable action

or course of action; and (3) the DTPA laundry-list violation or unconscionable action

was a producing cause of the plaintiff's injury."  *Hunter*, 749 F. Supp. 3d at 754

(internal quotation marks omitted). "It is well-established that 'claims alleging violations of the DTPA are subject to the requirements of Rule 9(b).'" *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (quoting *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 824–25 (N.D. Tex. 2001) (brackets omitted)).

Venkatraman's DTPA claim cannot survive dismissal for at least two reasons. First, as explained above, the amended complaint falls far short of the heightened pleading standards in Rule 9(b). It does not identify any misrepresentation made by BOA, much less who or when it was made. For these same reasons, Venkatraman cannot maintain a DTPA claim merely by referring to the statute in the amended complaint.

Venkatraman also fails to allege facts plausibly showing that he is a consumer of BOA's services or products in connection with his claim. "The question of whether a party is a consumer under the DTPA is a question of law." *Hunter*, 749 F. Supp. 3d at 754–55 (internal quotation marks and brackets omitted). The statute defines a "consumer" in relevant part as "an individual . . . who seeks or acquires by purchase or lease, any goods or services[.]" Tex. Bus. & Com. Code § 17.45(4). "[M]oney is neither a 'good' nor a 'service' under the DTPA." *Hunter*, 749 F. Supp. 3d at 755. According to facts alleged in the amended complaint, Venkatraman deposited money into accounts at BOA, spoke to BOA about recouping his funds,

and made a claim for the return of his funds.  These facts do not allege that he sought

any goods or services from BOA by purchase or lease.

### G.    Venkatraman's claims should be dismissed with prejudice.

In his response to the motion to dismiss, Venkatraman cites Fed. R. Civ. P.

15(a)(2) and curtly requests leave to file another amended complaint in the event his

pleadings are deemed insufficient.  (Resp. at 5.)  "Although Rule 15(a) requires the

district court to grant leave to amend freely, 'leave to amend is in no way

automatic.'"  *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th

Cir. 2017) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d

368, 378 (5th Cir. 2014) (brackets omitted)).  A district court has discretion whether

to grant or deny a motion to amend, and it may consider several things in exercising

that discretion, including whether the plaintiff has failed to cure deficiencies through

prior amendments, any prejudice to the opposing party, or the futility of further

amendment.  *Id.*

The Court should dismiss Venkatraman's claims with prejudice without

further amendment.  The Court has previously explained the applicable pleading

standards and the insufficiency of his factual allegations.  Given another opportunity

to plead his claims with greater factual specificity, Venkatraman instead added only

one factual averment but supplemented with multiple additional claims.  And the

one factual addition—that he has long a been a "customer" of BOA—lacks any

specificity.

-19-

The gravamen of Venkatraman's lawsuit is that he was duped by malfeasant third parties to purchase cashier's checks and money orders and deposit them into an account at BOA.  Through various claims, he seeks to impose liability on BOA to repay the money that he lost through the con.  He has been given an opportunity to allege facts, if they exist, that might support a plausible inference that BOA could be liable for such repayment, but his factual allegations are insufficient.  In requesting an additional opportunity to amend the complaint, Venkatraman does not identify any additional facts that exist that might plausibly establish that BOA is liable for the loss caused by third-party fraudsters.  Venkatraman's request for another amendment should be denied.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion to Dismiss (Dkt. No. 19), and **DISMISS** Plaintiff's claims with prejudice.

**SO RECOMMENDED** on July 25, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).